180 July 31, 2024 No. 537

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. P.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. P.,
*Appellant.*

Clackamas County Circuit Court
23CC02363; A181279

Jeffrey S. Jones, Judge.

Argued and submitted March 20, 2024.

Christopher J. O'Connor argued the cause for appellant.
Also on the brief was Multnomah Defenders, Inc.

Greg Rios, Assistant Attorney General, argued the
cause for respondent. On the brief were Ellen F. Rosenblum,
Attorney General, Benjamin Gutman, Solicitor General,
and Rebecca M. Auten, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot,
Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

The trial court committed appellant to the custody of the Oregon Health Authority for a period not to exceed 180 days after finding that he suffered from a mental disorder and posed a danger to others. On appeal, appellant raises three assignments of error. His first two assignments of error focus on the trial court's ruling denying his motion for an in-person hearing. In his third assignment, appellant contends that the evidence was insufficient to support the court's determination that he is a danger to others. We reject his third assignment of error, which, if successful would entitle him to more complete relief; however, based on our conclusion on the first and second assignments, we vacate the trial court's judgment and remand this case for further proceedings.

We begin, briefly, with appellant's third assignment. Setting aside any procedural issues, we conclude there is evidence in the record to support the trial court's finding that appellant poses a danger to others. *See State v. J. D. S.*, 242 Or App 445, 447, 263 P3d 1017 (2011) (stating the standard of review). We note that appellant was diagnosed with bipolar disorder with psychotic features and exhibited alarming behavior involving grandiose delusions and feelings of invulnerability. Moreover, appellant's wife testified that appellant threatened to kill her with a crowbar. Appellant's mother also testified that appellant held the same crowbar to her throat and threatened to kill her. Appellant's wife further testified that appellant drives dangerously—in excess of 90 miles per hour—when he believes someone in another car is a "demon," trying to cut them off or follow them. Given that appellant's inconsistent grasp of reality and his delusional thinking have resulted in threats to kill two witnesses while armed with a crowbar, and multiple incidents of extremely dangerous driving based on his delusions, we conclude that the record supports the trial court's factual finding.

We next turn to appellant's first and second assignments. This case pertains to the Presiding Judge of Clackamas County's March 11, 2022, order that all civil

commitment hearings in the county will "be held remotely."[1] The facts and posture of this case are nearly identical to those in *State v. A. M.*, 333 Or App 453 ___ P3d ___ (2024), with the notable exception of the documented level of technological challenges involved in holding the hearing remotely. The transcript in the present case reflects a hearing rife with obstacles stemming from the remote format. At the start of the proceeding, appellant reported that he could "barely" see the judge and could not hear what the state's representative was saying. Appellant's counsel was also accidentally muted several times, and appellant's counsel's cross examination of a key witness was interrupted by the witness's connection "breaking up." Further, a witness began speaking directly to the court while appellant's trial counsel was temporarily off the video call.

For the reasons stated in *State v. A. M.*, where we remanded for a hearing to establish a factual record about whether the remote format satisfies due process, we vacate and remand for further proceedings to allow the parties to address the due process concerns with the remote format and permit the trial court to rule on that issue in the first instance.

Vacated and remanded.

---

[1] The March 11, 2022, order provides that it "will remain in effect until amended, superseded, or vacated by further order."